IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEXTER MINOR, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WESTROCK COMPANY,<br><br>Defendant. | Case No. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant WestRock Company ("WestRock") hereby removes this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the U.S. District Court for the Northern District of Illinois, Eastern Division. Removal is proper because this Court has diversity jurisdiction. In support of this Notice of Removal, WestRock states as follows:

**I. BACKGROUND**

1. On February 3, 2023, Plaintiff Dexter Minor filed a class action complaint in the Circuit Court of Cook County, No. 2023-CH-01110, individually and on behalf of all others similarly situated, based on alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 ("BIPA"). (The Complaint is attached as part of Exhibit A). WestRock is the only named defendant.

2. WestRock was served with a copy of the summons and Complaint on February 16, 2023. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed and served in the state court action are attached as Exhibit A.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that WestRock was served with the Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

4. Plaintiff's Complaint alleges that he was employed by WestRock and that he was required by WestRock to use a biometric time clock system to record his time worked. (Compl. ¶¶ 3, 12, 14-15.) According to Plaintiff, WestRock did not inform Plaintiff in writing that his biometrics were being collected, stored, used, or disseminated prior to taking his biometrics, did not publish any policy specifically about the collection, retention, use deletion, or dissemination of biometrics, and did not seek Plaintiff's written consent relating to his biometrics. (*Id.* at ¶¶ 30-32.) Plaintiff alleged that WestRock did the same with respect to the putative class members. (*Id.* at ¶¶ 30-33)

5. Based on the above, Plaintiff filed a complaint alleging that WestRock violated BIPA in various ways. In Count I, Plaintiff alleges that WestRock violated 740 ILCS 14/15(a) by failing to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics. (Compl. ¶ 31.) Plaintiff also alleges that WestRock violated 740 ILCS 14/15(b) by failing to provide proper notice and failing to obtain the proper written consent before capturing and using Plaintiff's biometric information. (*Id.* at ¶ 32) Finally, Plaintiff alleges that WestRock violated 740 ILCS 14/15(e) by failing to store class members' biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which WestRock stores, transmits, and protects other confidential and sensitive information. (*Id.* ¶ 33) For these violations, Plaintiff seeks, both individually and on behalf of a putative class, $5,000 for "each" willful or reckless violation and $1,000 for "each" negligent violation, as well as attorneys'

fees and costs incurred in this litigation. (*Id*. ¶¶ 34-35; Prayer for Relief.) For Count II, Plaintiff seeks injunctive and equitable relief. (*Id.* ¶¶ 37-44)

6. Plaintiff seeks to represent a class of individuals and certify the following class:

All individuals whose biometric data Defendant collected or stored in Illinois.

(*Id.* at ¶ 26.)

## II. REMOVAL PURSUANT TO 28 U.S.C. § 1332(a)

7. Removal is proper under 28 U.S.C. §§ 1332(a) and 1441 where there is complete diversity of citizenship between a plaintiff and a defendant, and the amount of controversy exceeds $75,000. *Carroll v. Striker Corp.*, 658 F.3d 675, 680-81 (7th Cir. 2011).

8. WestRock is not a citizen of Illinois. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

9. WestRock is incorporated in Delaware and has its principal place of business in Georgia. (Ex. B, Stephanie Bignon Decl., ¶ 2.) Accordingly, WestRock is a citizen of Delaware and Georgia.

10. While the Complaint is silent on Plaintiff's citizenship, a cursory review of WestRock's records reveals that Plaintiff is a citizen of Illinois. (Ex. C, Kathy Cast Decl., ¶ 4.) Because WestRock is not an Illinois citizen, there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1).

11. As to the jurisdictional amount of $75,000, applicable case law authorities require the Court to consider the totality of the relief sought, including "monetary damages, attorneys' fees, and the cost a defendant incurs in complying with injunctive relief." *Tropp v. Western-Southern Life Ins. Co*, 381 F.3d 591, 595 (7th Cir. 2004). Moreover, for purposes of assessing the

amount in controversy, Plaintiff's allegations are accepted as true and the potential damages based on the allegations in the complaint are to be assessed. *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006). To establish the amount in controversy threshold, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The removal burden is not daunting as courts recognize that under this standard, a removing defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204 (E.D. Cal. 2008).

12. While Plaintiff fails to identify the amount of damages sought, WestRock has a reasonable good faith belief that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000. As discussed above, Plaintiff seeks $5,000 in statutory damages for each intentional or reckless violation of the Act, and $1,000 in statutory damages for each negligent violation of the Act. (Compl., Prayer for Relief.)

13. Plaintiff does not specify how many times he allegedly scanned his finger(s) to clock in and out while working for WestRock. (*Id*. ¶¶ 2-3.) Nevertheless, Plaintiff's allegations establish that he allegedly scanned his finger(s) at least two times per shift — once to clock in, and once to clock out. (*Id*. ¶ 3.) A cursory search of WestRock's records reveals that Plaintiff clocked in and out a collective total of fifteen (15) times in the period for which a biometric function was enabled on the timekeeping system at the facility where he was employed within the five years preceding this lawsuit. (Ex. D, Cathy Jones Decl., ¶ 9.) To be clear, while the biometric function was enabled during that time, WestRock denies that Plaintiff was enrolled in the biometric function of the timekeeping system, and further denies that it is liable to Plaintiff or the putative class for

the claims asserted in the Complaint. But assuming, as Plaintiff alleges, that he utilized the biometric function of the timekeeping system for the fifteen times described above, Plaintiff has potential damages in excess of $75,000, assuming reckless or intentional violations of BIPA (as alleged and sought by Plaintiff) and that such damages are available for five years prior to the date that the action was filed (each of which WestRock denies and will dispute).[1] This calculation does not take into account Plaintiff's request for injunctive relief, attorneys' fees and costs, among other things, which will be necessarily added to that amount in controversy total for purposes of ascertaining whether the jurisdictional threshold has been met.

## IV.  VENUE AND NOTICE

14.  Venue is proper in the Northern District of Illinois located in Chicago, Illinois, because the Circuit Court of Cook County action is pending within the jurisdictional confines of this Court.

15.  WestRock will provide written notice of the filing of the Notice of Removal to Plaintiff and the Circuit Court of Cook County.

WHEREFORE, WestRock Company hereby removes this civil action to this Court on the basis of diversity jurisdiction.

---

[1] The "per-scan" method is a viable theory to calculate damages for removal purposes. For example, in denying a motion to remand a BIPA class action, the Court in *Peatry v. Bimbo Bakeries USA, Inc.* held:

> [B]ecause Peatry has not shown that it is legally impossible for her to recover $5,000 per fingerprint scan, a position a plaintiff should be loath to take in light of the undecided interpretation of BIPA's damages provision, the Court leaves that determination to another day. At this stage, such recovery, although uncertain, remains plausible based on Peatry's allegations and an expansive reading of BIPA's damages provisions.

393 F. Supp. 3d 766, 770 (N.D. Ill. 2019). Indeed, this method was recently affirmed by the Illinois Supreme Court in *Cothron v. White Castle*, which held that, even though damages under BIPA may be discretionary, a party may recover statutory damages for each scan because a claim accrues for each scan or transmission of biometric information. 2023 IL 128004, ¶¶ 40, 42.

5

DATED: March 17, 2023							Respectfully submitted,

											WESTROCK COMPANY


											By:  */s/ Paul Yovanic, Jr.*
												One of Its Attorneys

Tracy M. Billows, Bar No. 6274578
tbillows@seyfarth.com
Richard P. McArdle, Bar No. 6216504
rmcardle@seyfarth.com
Paul J. Yovanic Jr., Bar No. 6327815
pyovanic@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:   (312) 460-5000
Facsimile:    (312) 460-7000

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2023, a true and correct copy of the foregoing document was filed with the clerk of the court using the CM/ECF system which will send notification of such filing to the email address denoted on the electronic Mail Notice List.

I also certify, pursuant to 28 U.S.C. § 1446(d), Federal Rules of Civil Procedure 5(b), and Local Rule 5.5, that a copy of the foregoing was sent via electronic mail to the adverse party in this matter at:

Roberto Luis Costales
William H. Beaumont
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
rlc@beaumontcostales.com
whb@beaumontcostales.com

                                                       */s/ Paul Yovanic, Jr.*